Carlos Makoto Taitano, State Bar No. 275820
Taitano & Taitano LLP
P.O. Box 326204
Hagatna, Guam 96932
Telephone: (671) 777-0581
Email: cmakototaitano@taitano.us.com

Attorney for Applicant
Starship Entertainment Co., Ltd.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| *In re Ex Parte* Application of | )   Case Number: 23-mc-80147-BLF |
| | ) |
| Starship Entertainment Co., Ltd., | )   **STARSHIP ENTERTAINMENT CO.,** |
| | )   **LTD.'S REQUEST FOR PERMISSION TO** |
| Applicant. | )   **ISSUE NEW SUBPOENA TO GOOGLE** |
| | )   **LLC** |
| | ) |
| | ) |
| | ) |

The Applicant Starship Entertainment Co., Ltd. (hereinafter "**Applicant**") hereby requests this Court for permission to issue a new subpoena to Google LLC (hereinafter "**Google**").

The Applicant filed its *Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782 Authorizing Discovery for Use in Foreign Proceedings (hereinafter "**Application**"), which this Court authorized. ECF Nos. 1, 6. The Applicant served Google with the authorized subpoena and this Court's Order. Decl. Taitano ¶ 4, Ex. A, August 26, 2023.

Pursuant to the subpoena, on July 15, 2023, Google provided information about the YouTube accounts for the YouTube channels named [Taldeok Prison Camp] Sojang (" 【탈덕수용소】 Sojang" in the original Korean language) and [Yipdeok Prison Camp] Sojang (" 【입덕수용소】 Sojang" in the original Korean language), but the information did not contain information of the Google accounts associated with the channels, nor did the information provided contain any telephone numbers, addresses, email addresses, recent access log, or any information that could be used to identify the anonymous individuals. *Id.* ¶ 5, Ex. B.

The anonymous individuals that own the YouTube Channels have deleted both channels[1] (likely in response to the subpoena) and may have also deleted the associated Google accounts and other associated accounts, which Google has acknowledged the deletion of. Decl. Taitano ¶ 6, Ex. C.

The Applicant met and conferred with Google concerning the information provided and asked Google to provide additional responsive information. *Id.* ¶ 7. Pursuant to this discussion with Google, Google provided additional information on July 22, 2023 that revealed names, addresses in Korea, an email address, and the fact that one or more of the YouTube channels is being monetized (i.e., the anonymous individuals were earning money through the channels). *Id.* ¶ 8, Ex. D. However, the information provided does not contain a telephone number or banking information of the anonymous individuals.

The information provided by Google is still insufficient for the Applicant to identify the anonymous individuals because no telephone number, banking information, or date of birth has been provided. Decl. Chong ¶¶ 3-16, August 24, 2023.

The Applicant further met and conferred with Google and requested for Google to produce information about the Google account daetobs@gmail.com and the Google Pay account in accordance with the subpoena. Decl. Taitano ¶ 9. The Google account contains the telephone number of the anonymous individual or individuals, and the Google Pay account contains information about where the monetized YouTube account or accounts were receiving payments at (i.e., their bank account information). Google has indicated that it will "require a new subpoena specifically identifying the underlying Gmail account in order to produce any additional responsive information." *Id.* ¶ 10, Ex. E.

Furthermore, Applicant's Korean counsel has explained why a telephone number, banking information, or date of birth of the anonymous individuals are crucial in identifying the anonymous individuals in a Korean civil case. Decl. Chong ¶¶ 3-16. Based upon the additional explanations

---

[1] When visiting the URLs where the channels existed (www.youtube.com/@talduksojang, www.youtube.com/@sojang9724, https://www.youtube.com/@lllllllllllllllllllllll), users are given the 404 error indicating that the channels have been removed.

Request for Permission to Issue New Subpoena to Google LLC | 23-mc-80147-BLF

provided by Applicant's Korean counsel, the Applicant wishes to further revise the subpoena to seek information of the birth date and banking information of the anonymous individuals, which information was not being sought in the original Application. See ECF No. 1, Ex. A (Attachment 1); Decl. Chong ¶¶ 3-16. This additional information being sought is narrowly tailored, is seeking only necessary relevant information, and is not unduly intrusive or burdensome, and therefore, under the fourth Intel factor, which is whether the discovery requested is "unduly intrusive or burdensome," this weighs in favor of authorizing discovery. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 265 (2004).

Therefore, the Applicant respectfully asks for this Court for permission to issue a new subpoena to Google in the form attached to this request as **Exhibit 1**. For ease of reference of this Court, attached to this request as **Exhibit 2** is a comparison of the old and new subpoenas, showing by revision marks the changes made between Attachment 1 that was attached to the original subpoena and Attachment 1 to the new subpoena.

Dated: August 26, 2023

       /s/ Carlos Makoto Taitano
CARLOS MAKOTO TAITANO
Attorney for Applicant
Starship Entertainment Co., Ltd.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of California

| | |
|---|---|
| In re Ex Parte Application of | ) |
| Starship Entertainment, Co., Ltd., | ) |
| | ) |
| *Applicant.* | )   Civil Action No.   23-mc-80147-BLF |
| | ) |
| | ) |
| | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                          Google LLC
_____
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Attachment 1

| Place: By email to: cmakototaitano@taitano.us.com; or | Date and Time: |
|---|---|
| at: Warp9, c/o Carlos Makoto Taitano, 480 Clementina St., #A, San Francisco, CA 94103 | |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

|  | |
|---|---|
| _____ | _____ |
| *CLERK OF COURT* | OR |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  _____
Starship Entertainment Co., Ltd. _____ , who issues or requests this subpoena, are:

Carlos Makoto Taitano, P.O. Box 326204, Hagatna, Guam 96932; cmakototaitano@taitano.us.com; (671) 777-0581

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## Exhibit 1

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  23-mc-80147-BLF

### PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

     I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

     ❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

     ❑ I returned the subpoena unexecuted because: _____

_____ .

     Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

     I declare under penalty of perjury that this information is true.

Date: _____

                               _____

                                             *Server's signature*

                               _____

                                             *Printed name and title*

                               _____

                                             *Server's address*

Additional information regarding attempted service, etc.:

### Exhibit 1

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit 1

**Attachment 1**

To: Google LLC

The Applicant **Starship Entertainment Co., Ltd.** hereby requests that **Google LLC** ("you") produce to its attorney, Carlos Makoto Taitano, Esq., any and all of the DOCUMENTS described under the heading "II. REQUEST FOR PRODUCTION."

## I. DEFINITIONS

1.      The word "DOCUMENT" or "DOCUMENTS" means "documents," "electronically stored information," or "tangible things," as those terms are used in Rules 34(a) and 45 of the Federal Rules of Civil Procedure. Where a DOCUMENT has been prepared in several copies, or where additional copies have been made that are not identical or are no longer identical by reason of subsequent notation, highlighting or other modification of any kind whatsoever including, but not limited to, notations on the back of pages thereto, each nonidentical copy shall be considered a separate DOCUMENT. A DOCUMENT that is "electronically stored information" shall be produced in portable document format (commonly known as "PDF") with Bates numbering and appropriate confidentiality designations, along with searchable metadata databases.

2.      The word "ACCOUNT 1" means the Google account [daetobs@gmail.com](mailto:daetobs@gmail.com).

3.      "ALL" means "each, any and all."

## II. REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1.**   DOCUMENTS sufficient to show the following information ever registered with ACCOUNT 1:

  (i)       names;
  (ii)      physical, billing, shipping, or ALL other addresses;
  (iii)     recovery, authentication, or ALL other e-mail addresses;
  (iv)     recovery, authentication, or ALL other telephone numbers;
  (v)      ALL names and addresses of ALL credit cards registered to ACCOUNT 1 (but not the credit card number, expiration date, or card validation code);
  (vi)     ALL names, addresses, e-mail addresses, telephone numbers, and names of the payment methods (such as PayPal), for ALL non-credit card payment methods registered to ACCOUNT 1;
  (vii)    ALL dates of birth; and,
  (viii)   ALL banking information, including names of banks and account numbers.

**REQUEST FOR PRODUCTION NO. 2.**   DOCUMENTS sufficient to show the following information for the three-month period immediately preceding May 22, 2023 and until the date that you respond to this request: ALL access log (dates, times, IP addresses, port numbers, and destination IP addresses) of ACCOUNT 1.

Attachment 1 to Subpoena to Google LLC
**Exhibit 1**

**REQUEST FOR PRODUCTION NO. 3.**  DOCUMENTS sufficient to show the following information ever registered with ALL Google Ads accounts, ALL Google AdSense accounts, ALL Google Pay accounts, or ALL other accounts that are controlled by you that ACCOUNT 1 has ever been used to login with as well as ALL Google Ads accounts, ALL Google AdSense accounts, ALL Google Pay accounts, or ALL other accounts that are registered to, linked to, or otherwise associated to ACCOUNT 1 (collectively, the "OTHER ACCOUNTS"):

(i)     names;

(ii)    physical, billing, shipping, or any other addresses;

(iii)   recovery, authentication, or any other e-mail addresses;

(iv)    recovery, authentication, or any other telephone numbers;

(v)     ALL names and addresses of ALL credit cards registered to the OTHER ACCOUNTS (but not the credit card number, expiration date, or card validation code);

(vi)    ALL names, addresses, e-mail addresses, telephone numbers, and names of the payment methods (such as PayPal), for ALL non-credit card payment methods registered to the OTHER ACCOUNTS;

(vii)   the type of the OTHER ACCOUNTS (such as a Google Ads account);

(viii)  ALL dates of birth; and,

(ix)    ALL banking information, including names of banks and account numbers.

**REQUEST FOR PRODUCTION NO. 4.**  DOCUMENTS sufficient to show the following information for the three-month period immediately preceding May 22, 2023 and until the date that you respond to this request: ALL access log (dates, times, IP addresses, port numbers, and destination IP addresses) of the OTHER ACCOUNTS.

Attachment 1 to Subpoena to Google LLC

**Exhibit 1**

**Attachment 1**

To: Google LLC

The Applicant **Starship Entertainment Co., Ltd.** hereby requests that **Google LLC** ("you") produce to its attorney, Carlos Makoto Taitano, Esq., any and all of the DOCUMENTS described under the heading "II. REQUEST FOR PRODUCTION."

## I. DEFINITIONS

1.      The word "DOCUMENT" or "DOCUMENTS" means "documents," "electronically stored information," or "tangible things," as those terms are used in Rules 34(a) and 45 of the Federal Rules of Civil Procedure. Where a DOCUMENT has been prepared in several copies, or where additional copies have been made that are not identical or are no longer identical by reason of subsequent notation, highlighting or other modification of any kind whatsoever including, but not limited to, notations on the back of pages thereto, each nonidentical copy shall be considered a separate DOCUMENT. A DOCUMENT that is "electronically stored information" shall be produced in portable document format (commonly known as "PDF") with Bates numbering and appropriate confidentiality designations, along with searchable metadata databases.

2.      The word "ACCOUNT 1" means the Google account(s) and YouTube account(s) that are used to sign in to or that are registered to, linked to, or otherwise associated to the YouTube channel named [Taldeok Prison Camp] Sojang ("【탈덕수용소】 Sojang" in the original Korean language) that is located at: https://www.youtube.com/@talduksojang.

3.      The word "ACCOUNT 2" means the Google account(s) and YouTube account(s) that are used to sign in to or that are registered to, linked to, or otherwise associated to the YouTube channel named [Taldeok Prison Camp] Sojang ("【탈덕수용소】 Sojang" in the original Korean language) that was formerly located at: https://www.youtube.com/@llllllllllllllllllllllllllllll.

4.      The word "ACCOUNT 3" means the Google account(s) and YouTube account(s) that are used to sign in to or that are registered to, linked to, or otherwise associated to the YouTube channel named [Yipdeok Prison Camp] Sojang ("【입덕수용소】 Sojang" in the original Korean language) that is located at https://www.youtube.com/@sojang9724.

5.      The word "ACCOUNTS" means ACCOUNT 1, ACCOUNT 2, and ACCOUNT 3.

6~~2~~.      The word "ACCOUNT 1" means the Google account daetobs@gmail.com.

3.      "ALL" means "each, any and all."

## II. REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1.**   DOCUMENTS sufficient to show the following information ever registered with ~~ALL ACCOUNTS~~ACCOUNT 1:

Attachment 1 to Subpoena to Google LLC

**Exhibit 2**

(i)     names;

(ii)    physical, billing, shipping, or ALL other addresses;

(iii)   recovery, authentication, or ALL other e-mail addresses;

(iv)    recovery, authentication, or ALL other telephone numbers;

(v)     ALL names and addresses of ALL credit cards registered to ~~ALL ACCOUNTS~~ACCOUNT 1 (but not the credit card number, expiration date, or card validation code);~~ and,~~

(vi)    ALL names, addresses, e-mail addresses, telephone numbers, and names of the payment methods (such as PayPal), for ALL non-credit card payment methods registered to ~~ALL ACCOUNTS.~~ACCOUNT 1;

(vii)   ALL dates of birth; and,

(viii)  ALL banking information, including names of banks and account numbers.

**REQUEST FOR PRODUCTION NO. 2.** DOCUMENTS sufficient to show the following information for the three-month period immediately preceding May 22, 2023 and until the date that you respond to this request: ALL access log (dates, times, IP addresses, port numbers, and destination IP addresses) of ~~ALL ACCOUNTS~~ACCOUNT 1.

**REQUEST FOR PRODUCTION NO. 3.** DOCUMENTS sufficient to show the following information ever registered with ALL Google Ads accounts, ALL Google AdSense accounts, ALL Google Pay accounts, or ALL other accounts that are controlled by you that ~~ALL ACCOUNTS have~~ACCOUNT 1 has ever been used to login with as well as ALL Google Ads accounts, ALL Google AdSense accounts, ALL Google Pay accounts, or ALL other accounts that are registered to, linked to, or otherwise associated to ~~ALL ACCOUNTS~~ACCOUNT 1 (collectively, the "OTHER ACCOUNTS"):

(i)     names;

(ii)    physical, billing, shipping, or any other addresses;

(iii)   recovery, authentication, or any other e-mail addresses;

(iv)    recovery, authentication, or any other telephone numbers;

(v)     ALL names and addresses of ALL credit cards registered to the OTHER ACCOUNTS (but not the credit card number, expiration date, or card validation code);

(vi)    ALL names, addresses, e-mail addresses, telephone numbers, and names of the payment methods (such as PayPal), for ALL non-credit card payment methods registered to the OTHER ACCOUNTS; ~~and,~~

(vii)   the type of the OTHER ACCOUNTS (such as a Google Ads account~~).~~);

(viii)  ALL dates of birth; and,

(ix)    ALL banking information, including names of banks and account numbers.

**REQUEST FOR PRODUCTION NO. 4.** DOCUMENTS sufficient to show the following information for the three-month period immediately preceding May 22, 2023 and until the date that you respond to this request: ALL access log (dates, times, IP addresses, port numbers, and destination IP addresses) of the OTHER ACCOUNTS.

Attachment 1 to Subpoena to Google LLC

**Exhibit 2**