# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| STARSHIP ENTERTAINMENT CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> , <br><br> Defendant. | Case No. 23-mc-80147-BLF <br><br> **ORDER GRANTING REQUEST TO ISSUE NEW SUBPOENA** <br><br> [Re: ECF No. 9] |

On May 24, 2023, the Court granted Applicant Starship Entertainment Co., Ltd.'s *ex parte* application pursuant to 28 U.S.C. § 1782 ("Section 1782") for an order granting leave to obtain limited discovery from Respondent Google LLC ("Google") in connection with a potential legal action in Korea. ECF No. 6. Before the Court is Applicant's motion to issue a new subpoena seeking discovery of information relating to a Google email account. ECF No. 9 ("Mot."). For the reasons set forth below, the Court GRANTS the motion.

## I. BACKGROUND

Applicant is a limited liability company in Seoul, Republic of Korea that is engaged in the entertainment business and manages and trains K-pop singers and talents. Declaration of Seran Shim, ECF No. 1-1 ("Shim Decl.") ¶¶ 2-3.

An Anonymous Individual using a YouTube channel named "[Taldeok Prison Camp] Sojang ('[탈덕수용소] Sojang' in the original Korean language)" published as many as twenty YouTube videos in which the Anonymous Individual states falsities concerning the Applicant, as well as its singers and talents. Shim Decl. ¶ 6. The YouTube Channel recently changed the web address, and Applicant suspects that the Anonymous Individual owns another YouTube channel. *Id.* ¶¶ 8-11, Exs. 2-3. Many of Applicant's customers learn about Applicant on the internet, so the

1  YouTube videos have had, and continue to have, a negative effect on Applicant's business and
2  reputation.  *Id.* ¶ 33.
3  Applicant has filed a civil lawsuit in the Seoul Central District Court in Seoul, Republic of
4  Korea against the Anonymous Individual, claiming defamation and business interference under
5  Articles 750 and 751 of the Civil Act of Korea.  Shim Decl. ¶ 32; Declaration of Kyongsok
6  Chong, ECF No. 1-2 ("Chong Decl.") ¶¶ 7-12.  Applicant has been unable to identify the true
7  identity of the Anonymous Individual, which it needs to proceed with the case.  Shim Decl. ¶¶ 34-
8  35; Chong Decl. ¶¶ 14-16.
9  Applicant sought and received discovery from Google which included names, addresses,
10  the fact that one or more of the YouTube Channels were monetized, and an email address.  ECF
11  No. 9-2 ("Taitano Decl.") ¶ 8.  Applicant now seeks permission to file a new subpoena asking for
12  documents associated with the email address identified during discovery.  Mot., Ex. 1
13  ("Subpoena").  The Subpoena seeks any names, addresses, email addresses, and telephone
14  numbers, dates of birth, and banking information for the three-month period preceding May 22,
15  2023, through the date Google responds to the subpoena.  Subpoena at 1–2.

## II. LEGAL STANDARD

Section 1782 provides, in relevant part:

> The district court of the district in which a person resides or is found may order him
> to give his testimony or statement or to produce a document or other thing for use
> in a proceeding in a foreign or international tribunal, including criminal
> investigations conducted before formal accusation. The order may be made ... upon
> the application of any interested person and may direct that the testimony or
> statement be given, or the document or other thing be produced, before a person
> appointed by the court.... To the extent that the order does not prescribe otherwise,
> the testimony or statement shall be taken, and the document or other thing
> produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a).  The statute's purpose is "to provide federal-court assistance in the gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). Section 1782 permits district courts to authorize discovery "where three general requirements are satisfied: (1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a

proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (quoting § 1782(a)).

But "a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *Intel*, 542 U.S. at 264. Instead, a district court has discretion to authorize discovery under Section 1782. *Id.* at 260-61. In exercising this discretion, a district court should consider the following four factors identified by the Supreme Court: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance"; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Id.* at 264-65. In exercising its discretion, the district court should consider the twin aims of the statute: "providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts." *Id.* at 252.

Section 1782 applications are generally considered on an *ex parte* basis because "parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *IPCom GMBH & Co. KG v. Apple Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal 2014) (quoting *In re Republic of Ecuador*, No. C-10-80225 MISC CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010)). "Consequently, orders granting § 1782 applications typically only provide that discovery is 'authorized,' and thus the opposing party may still raise objections and exercise its due process rights by challenging the discovery after it is issued via a motion to quash, which mitigates concerns regarding any unfairness of granting the application *ex parte*." *In re Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016).

### III. DISCUSSION

The Court has previously found that the statutory requirements of Section 1782 have been

1    met because Google is "found" in the judicial district, the requested discovery is for use in a

2    proceeding in a foreign tribunal, and Applicant is an "interested person." *See* ECF No. 6.

3    Further, the discretionary factors identified by the Supreme Court in *Intel* also weigh in

4    favor of the Court permitting the Subpoena. The Court's previous analysis of the first three

5    discretionary *Intel* factors applies in equal force to the present motion. First, Google will not be a

6    party or participant in the Korean civil lawsuit or criminal proceeding. Chong Decl. ¶ 19. Second,

7    the Court is not aware of any directive from Korea against the use of Section 1782 evidence and

8    Applicant's attorney stated that in his experience, courts in the Republic of Korea are receptive to

9    assistance in discovery by United States federal courts. Chong Decl. ¶ 21. Third, there is no

10   reason to believe that Applicant is seeking to circumvent Korean evidence laws.

11   The last *Intel* factor asks a court to consider whether the proposed discovery is overly

12   burdensome or intrusive. 542 U.S. at 265. The Subpoena seeks further information from Google

13   about the anonymous individuals by requesting information about an email associated with the

14   relevant YouTube Channels. The Subpoena is narrowly tailored to seeking the information that is

15   necessary to identify the putative defendants, and courts have found that requests seeking similar

16   information were not unduly intrusive or burdensome. ECF No. 9-1 ("Second Chong Decl.")

17   ¶¶ 11–15 (identifying why date of birth and banking information is necessary to identify an

18   individual in Korea); *see, e.g.*, *In re Med. Corp. Seishinkai*, No. 21-mc-80160-SVK, 2021 WL

19   3514072, at *4-5 (N.D. Cal. Aug. 10, 2021). To the extent Google asserts that any of the

20   information sought by Applicant is burdensome or confidential or proprietary, it can bring a

21   motion to quash or the parties can enter a protective order. *See, e.g.*, *In re Illumina Cambridge

22   Ltd.*, No. 19-mc-80215- WHO (TSH), 2019 WL 5811467, at *5 (N.D. Cal. Nov. 7, 2019) (offering

23   similar options to Respondents).

**IV.  ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that the Court GRANTS Applicant's motion to issue a new subpoena.  ECF No. 9.

Dated:  August 25, 2023

_____
BETH LABSON FREEMAN
United States District Judge

5